## LEVINE *v.* UNITED STATES.

No. 112.   Decided February 28, 1966.*

*Nicholas J. Capuano* for petitioner in No. 112.

*Thomas F. Call* for petitioner in No. 125.

*Joseph W. Wyatt* for petitioner in No. 230.

*Sidney M. Dubbin* and *E. David Rosen* for petitioners in No. 234.

*Solicitor General Marshall,* former *Solicitor General Cox, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Daniel H. Benson* for the United States.

Per Curiam.

Ten persons were found guilty by a jury on each count of a 10-count indictment.   The count predicated on 18

---

*Together with No. 125, *Roberts* v. *United States,* No. 230, *Grene* v. *United States,* and No. 234, *Gradsky et al.* v. *United States,* also on petitions for writs of certiorari to the same court.

U. S. C. § 371 (1964 ed.) charged all defendants with conspiring to violate § 17 of the Securities Act of 1933, 15 U. S. C. § 77q (a) (1964 ed.), and the Mail Fraud Act, 18 U. S. C. § 1341 (1964 ed.); each of the remaining nine counts charged all defendants with substantive offenses of violating these latter statutes. The Court of Appeals affirmed all the conspiracy convictions; and, with some exception for petitioner Roberts and two other defendants, that court also affirmed the convictions for the substantive offenses. 342 F. 2d 147. Four defendants petitioned for writs of certiorari, and a fifth defendant subsequently moved to be added as a co-petitioner in one of the petitions already filed (No. 234). We grant that motion; and we grant the petitions for writs of certiorari limited to the issue whether petitioners were improperly convicted of substantive offenses committed by members of the conspiracy before petitioners had joined the conspiracy or after they had withdrawn from it. In all other respects the petitions are denied.

In response to specific questions addressed by this Court, the Solicitor General has made a two-pronged concession: First, he concedes that an individual cannot be held criminally liable for substantive offenses committed by members of the conspiracy before that individual had joined or after he had withdrawn from the conspiracy; and second, he concedes that in this case some of the convictions for the substantive offenses must be reversed because they are inconsistent with this principle.[1] On the basis of this concession, and upon consideration of the entire record, we vacate the judgment of the Court of Appeals insofar as it affirms petitioners' convictions for the substantive offenses. We remand the

---

[1] Specifically, the Solicitor General concedes that petitioner Levine's convictions on Counts 1, 3, 4, 5, 6, 7, and 8, and petitioner Grene's convictions on Counts 1 and 7 must be reversed.

case to that court with instructions to reverse the convictions the Solicitor General concedes must be reversed, and to determine, in light of the concession, the evidence, the instructions to the jury, and the applicable principles of law, whether in addition to the relief conceded by the Solicitor General petitioners are entitled to further relief regarding the convictions for the substantive offenses.

*Vacated and remanded.*