Howard W. MEADORS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 19974, 23525.

United States Court of Appeals
Fifth Circuit.

May 2, 1967.

Eli H. Subin, Orlando, Fla., for appellant.

Mahlon M. Frankhauser, Atty., Securities and Exchange Commission, Washington, D. C., for appellee, J. Michael Gottesman, Atty., Div. of Trading and Markets, SEC, Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, Fla., of counsel.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

DYER, Circuit Judge.

Appellant and nine co-defendants were tried for violating the anti-fraud provisions of the Securities Act of 1933, 15 U.S.C.A. § 77q(a) and the Mail Fraud Statute, 18 U.S.C.A. § 1341, and conspiracy to violate these laws 18 U.S.C.A. § 371. Appellant was convicted on a conspiracy count and nine substantive counts.

Appellant and his co-defendants filed timely appeals, but his appeal was dismissed for want of prosecution on February 8, 1965. The co-defendants' appeals were thereafter decided by this Court.[1] We there stated that although Meadors' appeal was dismissed for want of prosecution that upon presentation of a proper motion to reduce sentence under Rule 35 of the Federal Rules of Criminal Procedure the District Judge could consider the fact that we concluded on the appeal of Meadors' co-defendants that there was not sufficient evidence to convict three similarly situated short time employees of Credit Finance Corporation on substantive counts committed when they were not employed by the corporation and reversed their convictions on those counts.

Meadors then filed the motion we suggested but the District Judge declined

---

1. Gradsky v. United States, 5 Cir., 1965, 342 F.2d 147, reversed sub nom. Levine v. United States, 1966, 383 U.S. 265, 86 S.Ct. 925, 15 L.Ed.2d 737.

to entertain it holding that it was not timely filed. Meadors appealed.

This Court then vacated its order dismissing Meadors' original appeal, reinstated that appeal and consolidated it with his appeal from the denial of his motion to reduce sentence under Rule 35.

We have today decided Gradsky v. United States, 5 Cir., 1967, 342 F.2d 147 [May, 1967], the appeal of Meadors' co-defendants upon remand from the Supreme Court and we take note here, as we did there, of the Solicitor General's concession that no one can be held criminally liable for substantive offenses committed by members of the conspiracy after he has withdrawn from it. Levine v. United States, 1966, 383 U.S. 265, at 266–267, 86 S.Ct. 925.

Appellant does not contest his conviction on the substantive offenses charged in counts one and seven, and they are, therefore, not here under review.

From March 16, 1959, to January 29, 1960, appellant was employed by Credit Finance Corporation as manager of its Orlando office. His activities during this time leave no doubt as to his guilt of the offenses charged in counts six and eight. There was abundant evidence to sustain appellant's conviction of conspiracy charged in count ten.

We conclude that appellant's conviction on counts two, three, four, five and nine must be vacated and set aside because the offenses in those counts are alleged to have taken place at times after January 29, 1960, when appellant had left Credit Finance Corporation. The judgment against appellant is affirmed as to the sentence imposed on counts six, eight and ten.

Having disposed of the case on the merits, we do not reach the questions raised in Meadors' appeal from the denial of his motion to reduce sentence under Rule 35.

Affirmed in part, and reversed in part.