Norman **GRADSKY**, George Levine, B. J. Gradsky, Robert B. Roberts, Alfred Schiff, Robert Grene, Leonard L. Glaser and E. E. Gibbons, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 19974.

United States Court of Appeals Fifth Circuit.

May 2, 1967.

Rehearings Denied May 29, June 5 and June 29, 1967.

See also 5 Cir., 376 F.2d 998.

E. David Rosen, Miami, Fla., for Norman Gradsky and B. J. Gradsky.

Max Lurie, Leonard R. Mellon, Miami, Fla., for George Levine.

Thomas F. Call, Los Angeles, Cal., for Robert B. Roberts.

A. Allen Saunders, New York City, for Alfred Schiff.

Robert Grene, pro se.

Sam E. Murrell, Jr., Orlando, Fla., for E. E. Gibbons.

J. Michael Gottesman, Atty., S. E. C., Washington, D. C., William A. Meadows, Jr., U. S. Atty., Miami, Fla., Herbert Edelhertz, Chief, Fraud Section, Dept. of Justice, Mahlon M. Frankhauser, Atty., S. E. C., Washington, D. C., for appellee.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

DYER, Circuit Judge:

Appellants were tried and convicted by a jury in the District Court for violating the anti-fraud provisions of the Securities Act of 1933, 15 U.S.C.A. § 77q(a), the Mail Fraud Statute, 18 U.S.C.A. § 1341, and for conspiring to violate those laws, 18 U.S.C.A. § 371.

The indictment charged the appellants with a fraudulent scheme to offer and sell promissory notes of Credit Finance Corporation to the public by use of the mails, and then divert the investors' funds to the appellants' personal use. Numerous false and misleading statements by the appellants induced people to purchase the notes. Count one of the indictment alleges in detail the fraudulent scheme. Each of the succeeding eight substantive counts alleges a separate employment of the scheme on a different investor by use of the mails. Count ten alleges a conspiracy to do the acts charged in Counts one through nine.

The jury found each appellant guilty on all ten counts. This court in Gradsky v. United States, 5 Cir., 1965, 342 F.2d 147, reversed sub. nom. Levine v. United States, 1966, 383 U.S. 265, 86 S.Ct. 925, 15 L.Ed.2d 737, affirmed the convictions

of Norman Gradsky, B. J. Gradsky, Gertrude Hogue, Robert Grene, George Levine and Leonard L. Glaser. It affirmed the conviction of Robert B. Roberts as to Counts 3, 6, 8 and 10 and reversed as to the remaining Counts 1, 2, 4, 5, 7 and 9; it affirmed the conviction of Alfred Schiff as to Counts 2, 8, 9 and 10 and reversed as to the remaining Counts 1, 3, 4, 5, 6 and 7; and it affirmed the conviction of E. E. Gibbons as to Counts 6 and 10 and reversed as to the remaining Counts 1, 2, 3, 4, 5, 7, 8 and 9.

Appellants Levine, Roberts, Grene, Norman Gradsky and B. J. Gradsky petitioned the Supreme Court for and were granted writs of certiorari, and as to them this court's mandate was stayed. Appellants Gibbons, Hogue, Schiff and Glaser did not petition for certiorari, and this court's mandate issued as to them on April 22, 1965, so they are now serving their sentences. Before reaching the merits, therefore, we must decide whether the appellants as to whom the mandate has already issued may be heard in this remand proceeding.[1]

██ Usually the issuance of a mandate by this court means that the litigation has come to an end. Hines v. Royal Indemnity Co., 6 Cir., 1958, 253 F.2d 111. This court can, however, recall its mandate to prevent injustice.[2] Rules of the Fifth Circuit Court of Appeals, Rule 32; Meredith v. Fair, 5 Cir., 1962, 306 F.2d 374; 28 U.S.C.A. § 452. In view of the unusual circumstances of this case, the government's expression of non-opposition, and our desire to avoid further protracted litigation by appellants not presently participating in this remand proceeding, we recall our mandate as to appellants Gibbons, Schiff and Glaser and allow them to join in this proceeding.

The Supreme Court granted the petitions for writs of certiorari "* * * limited to the issue whether petitioners were improperly convicted of substantive offenses committed by members of the conspiracy before petitioners had joined the conspiracy or after they had withdrawn from it." The petitions were denied in all other respects. Levine v. United States, 383 U.S. at 266, 86 S.Ct. at 926. In disposing of the case the Supreme Court said:

"In response to specific questions addressed by this Court, the Solicitor General has made a two-pronged concession: First, he concedes that an individual cannot be held criminally liable for substantive offenses committed by members of the conspiracy before that individual had joined or after he had withdrawn from the conspiracy; and second, he concedes that in this case some of the convictions for the substantive offenses must be reversed because they are inconsistent with this principle.[1] On the basis of this concession, and upon consideration of the entire record, we vacate the judgment of the Court of Appeals insofar as it affirms petitioners' convictions for the substantive offenses. We remand the case to that court with instructions to reverse the convictions the Solicitor General concedes must be reversed, and to determine, in light of the concession, the evidence, the instructions to the jury, and the applicable principles of law, whether in addition to the relief conceded by the Solicitor General petitioners are entitled to further relief regarding the convictions for the substantive offenses." Id. at 266–267, 86 S.Ct. at 926. [Footnote omitted]

The Solicitor General conceded that appellant Levine's convictions on Counts 1, 3, 4, 5, 6, 7 and 8, and appellant Grene's convictions on Counts 1 and 7 must be reversed; therefore, this court on remand reversed the convictions on the stated counts and vacated the sentences; denied a motion by the Gradskys to remand to the District Court; and directed all of the appellants to file motions

---

1. Gertrude Hogue has shown no interest in participating in this proceeding.

2. E.g., we recalled the mandate with respect to appellant Roberts after he had petitioned the Supreme Court for certiorari.

urging such further consideration as they might deem appropriate.

▆▆▆ Notwithstanding the limited issue upon which the writs of certiorari were granted and thus our narrow scope of review on this remand, the appellants seek a re-review of alleged errors presented to and decided by us on the appeal [3] and attempt to assert now for the first time other errors, none of which are within the purview of the mandate of the Supreme Court. Except that which we are mandated to review, our previous rulings are the law of the case and will not now be reconsidered. United Industrial Workers v. Board of Trustees of Galveston Wharves, et al., 5 Cir., 1966, 368 F.2d 412. We thus direct our attention to whether, in light of the Solicitor General's concession as to applicable legal principles, the members of the conspiracy "are entitled to further relief regarding the convictions for the substantive offenses."

▆▆▆ In determining whether the evidence is sufficient to sustain a conviction on the substantive offenses we must view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Ruiz et al. v. United States, 5 Cir., 1967, 374 F.2d 619 (March 24, 1967). A party to a conspiracy is liable as a principal for all offenses committed in furtherance of the conspiracy while he is a member of it. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489, but a latecomer cannot be convicted as a principal for substantive offenses which were committed in furtherance of the conspiracy before he joined it or after he withdrew from it. Levine v. United States, supra. In this case, with the exception of Schiff's conviction on Count 8, each appellant stands convicted of only those substantive offenses committed in furtherance of the conspiracy while he was a member of the conspiracy. There is thus no error.

In Count 8 the mailing is alleged to have taken place on or about January 21, 1960, some seven or eight months prior to the time appellant Schiff joined the conspiracy. The government concedes that Schiff's conviction on this count must be reversed.

Appellants also argue that as a result of the failure of the District Court's instructions to distinguish the substantive counts from the conspiracy counts some of the defendants were convicted of substantive offenses committed in furtherance of the conspiracy before they joined the conspiracy. We need not determine the validity of this contention for the Solicitor General has conceded that convictions of such offenses should be reversed.

▆▆▆ Appellants also urge that the District Court should have charged that to find an appellant guilty of a substantive offense in which he did not directly participate, the jury must determine that the substantive offense was committed in furtherance of the conspiracy of which he was a member. We doubt that this contention is properly before us on remand but we note that no appellant either requested this instruction or objected to the failure of the court to give it, although the court heeded most of the objections made to its charges. Generally, the failure to object will prevent a party from presenting that error on appeal. Evans v. United States, 5 Cir., 1965, 349 F.2d 653; Alvarez v. United States, 5 Cir., 1960, 275 F.2d 299. In any event, the purpose of such an instruction

---

3. The following were submitted and considered on the appeal and are re-submitted again in this proceeding: The appellants' contention that the district court erred in refusing to instruct on the essential elements of conspiracy and of the substantive offenses; the lack of evidence to sustain a conviction on direct participation, yet the failure to instruct on aiding and abetting or the commission of a substantive offense by co-conspirator as a part of and in furtherance of the conspiracy; failure to instruct on specific intent and reasonable doubt; failure to grant a continuance; and the contention that the verdict was against the manifest weight of the evidence.

is to preclude the possibility of convicting a defendant for a substantive offense committed by other members of the conspiracy of which the defendant is a member in furtherance of a conspiracy of which the defendant is not a member.

The instruction thus was unnecessary here for there was evidence of only one conspiracy.

 Appellant Grene contends that the District Court abused its discretion in denying his motion for a continuance because, although his court appointed counsel was competent, he had insufficient time to prepare for trial and thus Grene did not have effective assistance of counsel. Grene raised this point on the appeal, argued it in his main brief and in his petition for rehearing following the affirmance of his conviction. We decline to again consider this question, because it has been previously decided and is not within the scope of the remand to this court by the Supreme Court.

We conclude that in the light of the concession made by the Solicitor General, the evidence, the instructions to the jury, and the applicable principles of law, except as to the conviction of appellant Schiff for the offense charged in Count 8, the appellants were not improperly convicted of substantive offenses committed by members of the conspiracy before appellants had joined the conspiracy or after they had withdrawn from it.

 After oral argument was heard by this court on remand from the Supreme Court, the appellee filed a motion to vacate the judgment as to appellant Levine and remand the cause as to him to the District Court for a new trial. It appears from the motion that the Federal Bureau of Investigation installed a microphone by trespass in a commercial establishment in which Levine may have had a proprietary interest and the Federal Bureau of Investigation overheard conversations of Levine with counsel relating to the charges. Levine was under indictment in this case and the trial on the indictment took place during the period of surveillance. The motion must, of course, be granted. Black v. United States, 1966, 385 U.S. 26, 87 S.Ct. 190, 17 L.Ed.2d 26.

The judgment against Norman Gradsky is affirmed as to the sentences imposed on all counts.

The judgment against B. J. Gradsky is affirmed as to the sentences imposed on all counts.

The judgment against George Levine is vacated and the cause as to him is remanded to the District Court for a new trial.

The judgment against Robert B. Roberts is affirmed as to the sentence imposed on Counts 3, 6 and 8.

The judgment against Alfred Schiff is affirmed as to the sentences imposed on Counts 2 and 9 and the judgment and sentence on Count 8 are set aside and vacated.

The judgment against Robert Grene is affirmed as to the sentences imposed on Counts 2, 3, 4, 5, 6, 8 and 9.

The judgment against Leonard L. Glaser is affirmed as to the sentences imposed on all counts.

The judgment against E. E. Gibbons is affirmed as to the sentence imposed on Count 6.

The judgments and sentences on Count 10 against all of the appellants were affirmed on the appeal, certiorari was denied, and that count is not before this court on remand.

The case is remanded for further proceedings not inconsistent with this opinion and judgment.

Affirmed in part and reversed in part.