**UNITED STATES of America,**

v.

**Robert GRENE et al.**

**No. 1271–ORL–Cr.**

United States District Court
S. D. Florida.

Dec. 9, 1969.

Asst. U. S. Atty., Lloyd G. Bates, Jr., Miami, Fla., for plaintiff.

Charles L. Weltner, Atlanta, Ga., for defendant Robert Grene.

### ORDER

FULTON, Chief Judge.

Robert Grene was convicted on July 19, 1962, of mail fraud, securities fraud, and conspiracy. On July 20, 1962, he was sentenced to confinement for a period of 15 years, which sentence was subsequently reduced to 12 years. On March 19, 1968, the United States Court of Appeals for the Fifth Circuit recalled its mandate, vacated the conviction of Grene and remanded the case to this Court for an evidentiary hearing on the issue of wiretapping. At the conclusion of such evidentiary hearing, this Court entered a memorandum opinion in which it reinstated Grene's conviction. A final judgment affirming Grene's conviction and ordering him to report to the United States Marshal was entered July 7, 1969. He has served at least 3 and possibly 17 months of this 12 year term. The exact time served is indefinite at this time as there is some confusion as to whether 14 months served on another sentence also may be credited to this sentence.

Grene now moves for a reduction of his sentence, pursuant to Fed.R.Crim.P. 35, which states in part as follows:

> The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction.

This Court does not believe Rule 35 authorizes reduction of this sentence. The period for reduction has long expired, since this sentence was originally imposed in 1962, and affirmed in part and reversed in part by mandate in 1967. The Court considers the Parole Board to have exclusive control over the length of Grene's incarceration.

■ It is Grene's contention that when his sentence was vacated by the March 19, 1968, order from the Court of Appeals, which order was made the Order of this Court on March 28, 1968, that it became imperative that Grene

could not be reconfined unless his sentence was *reimposed* rather than merely *reinstated,* and that this motion to reduce sentence was timely filed within 120 days of the July 7, 1969 Order affirming Grene's conviction. This argument belies the very language of the Appellate Order, which stated that depending upon its findings from the evidentiary hearing, this Court should either *reinstate* the conviction or order a new trial. By its memorandum opinion of June 3, 1969, this Court *reinstated* the conviction.

Grene relies heavily on Zaffarano v. Blackwell, 383 F.2d 719 (5 Cir. 1967). In that case Zaffarano's sentence was set aside because he had been denied allocution prior to imposition of the sentence. He was then allowed allocution and resentenced. This resentencing was affirmed on appeal, Zaffarano v. United States, 330 F.2d 114 (9 Cir. 1964), and certiorari was denied by the Supreme Court, 379 U.S. 825, 85 S.Ct. 52, 13 L.Ed. 2d 35, by an Order entered October 12, 1964. On December 1, 1964, the District Court reduced the sentence under Rule 35. The *Zaffarano* case was very different from the case at bar. There the sentence itself was invalid because improper procedure had been followed in its imposition. In Grene's case no error was committed in the sentencing. No new sentence was imposed on Grene. His original sentence was simply reinstated after an evidentiary hearing in which it was determined that he had not been prejudiced by electronic eavesdropping. In *Zaffarano*, the sentence was reduced within 120 days of an Order of the Supreme Court, as provided by Rule 35, unlike the case at bar.

 In this case a valid sentence was imposed seven years ago by a District Judge who had heard the evidence in the case and was certainly best able to determine a proper sentence. The District Judge who imposed the sentence was sitting in this District by special designation. He is quite elderly, and as far as this Court has been able to determine is unavailable to review this sentence. This Court believes that a review of this sentence at this late date by a Court unfamiliar with the facts of the case would circumvent the clear meaning of Rule 35, and exceed the authority of the Court. Thereupon, it is

ORDERED and ADJUDGED that this motion be and the same is hereby denied.