UNITED STATES of America, Plaintiff-Appellee,

v.

Norman GRADSKY and Robert B. Roberts, Defendant-Appellants.

No. 28287.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1970.

Certiorari Denied Feb. 22, 1971.

See 91 S.Ct. 884.

S. George Berkley, Miami, Fla., for defendant-appellant, Robert B. Roberts.

Max Lurie, Lurie & Capuano, Miami, Fla., for defendant-appellant, Norman Gradsky.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Robert W. Rust, U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and BELL and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellants Gradsky and Roberts were convicted in 1962, along with eight co-defendants, for multiple violations of the Securities Act of 1933,[1] the mail fraud statute,[2] and for conspiracy to violate federal laws.[3] Numerous appeals by the various co-defendants have been taken in this court and in the Supreme Court. The conviction of co-defendant George Levine was set aside, due in part to the admission by the Solicitor General that an illegal wiretap had been placed on Levine's telephone conversations, thereby "tainting" his conviction. Levine v. United States, 383 U.S. 265, 86 S.Ct. 925, 15 L.Ed.2d 737 (1966). Subsequently, the Supreme Court vacated the sentence of appellant Roberts and re-

manded to the district court for an evidentiary hearing to determine whether his rights had been violated by the electronic surveillance. Roberts v. United States, 389 U.S. 18, 88 S.Ct. 1, 19 L.Ed. 2d 18 (1967). This court in a like manner ordered that the convictions of all the co-defendants involved in the conspiracy be set aside and that evidentiary hearings be held in the court below on the question of whether the illegal wiretaps tainted these convictions. Evidentiary hearings were conducted during December 1968 and April 1969. Appellants were represented by counsel but were themselves absent from these hearings.[4]

Upon conclusion of the above hearings, the court below, in a memorandum opinion of June 3, 1969, found no evidence of taint and ordered the convictions reinstated. Appellants filed motions to vacate and set aside that order, alleging that their presence at the evidentiary hearings was required by Rule 43[5] of the Federal Rules of Criminal Procedure, and that their constitutional rights had been violated because of their absence during a "critical stage" of the proceedings.

In a subsequent hearing with all parties present, the district court determined that appellants' constitutional rights had not been infringed upon by their absence from the evidentiary hearings and denied the motions to vacate and set aside its order reinstating the convictions and sentences previously imposed. It is from

1. 15 U.S.C. § 77q(a).

2. 18 U.S.C. § 1341.

3. 18 U.S.C. § 371.

4. Appellant Gradsky was in a government hospital in the custody of a U. S. Marshal for a separate offense.

5. Rule 43 provides as follows:
   "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. A corporation may appear by counsel for all purposes. In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial and imposition of sentence in the defendant's absence. The defendant's presence is not required at a reduction of sentence under Rule 35."

this order that the present appeal is taken.

The record indicates that during the course of the evidentiary hearings conducted below, appellants were not present, but they were represented by a competent attorney who felt that their presence was unnecessary.[6]

At one point during the hearings, the court below asked appellants' trial counsel to delineate the specific portion of the Constitution upon which he was relying for the relief sought. He indicated that the sole basis for relief was that there had been an invasion of the right to counsel under the Sixth Amendment.[7]

Appellants contend that (1) they have a constitutional right to be present at an evidentiary hearing, and (2) that their constitutional rights cannot be waived at an evidentiary hearing in their absence, said waiver coming at a "critical stage" of the proceedings.

The government, however, raises a threshold question of standing. It argues that appellants Gradsky and Roberts did not have standing to challenge the electronic surveillance upon a co-defendant. Appellants' conversations were not monitored, nor was the surveillance conducted on any premises in which they held an interest. There is ample authority to support the government's contention. For example, in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), the Court stated:

"In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else. * * *

"Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy."

See Alderman v. United States, 394 U.S. 165, 171–173, 89 S.Ct. 961, 22 L.Ed.2d 176; United States v. James, 432 F.2d 303 (5th Cir. 1970). See also Dearinger v. Rhay, 421 F.2d 1086 (9th Cir. 1970).[8]

■ Assuming, arguendo, that appellants possessed the requisite standing, we find no merit in their contentions concerning their non-presence at the evidentiary hearings. The Sixth Amendment and Fed.Rules Cr.Proc. 43 do guarantee a defendant the right to be present at the arraignment and "at every stage of the trial". No appellate court has extended this right to an evidentiary hearing. Appellants place great reliance on McKissick v. United States, 379 F.2d 754 (5th Cir. 1967) and Cross v. United States, 117 U.S.App.D.C. 56, 325 F.2d 629 (1963). Both cases were concerned with actions occurring during the course of the trial. In *McKissick*, the

---

6. "THE COURT: Is Mr. Roberts here?
"MR. ROSEN: He is not, your Honor, and Mr. Gradsky is not present either.
"THE COURT: Well, what do you have to say to that—
"MR. ROSEN: As to Mr. Gradsky, your Honor, he is in custody.
"THE COURT: I know.
"MR. ROSEN: As I understand it, for an evidentiary hearing of this sort their presence is not required.
"THE COURT: Do you agree with that?
"MR. ROSEN: I do."

7. "THE COURT: * * * To make it a little easier for you to deal with, I would like to know if the relief sought is sought exclusively under rights that are granted by the Sixth Amendment to the Constitution of the United States.
"MR. ROSEN: In light of the recent decisions, your Honor, I believe the only road we can travel will be under the Sixth Amendment."

8. In *Dearinger*, defendant had no standing to challenge the legality of a co-defendant's arrest or to rely on the "poisonous fruit" doctrine.

trial court declared a mistrial because the defendant's attorney told the court in chambers that defendant had admitted perjury. The case was remanded to determine whether defendant was absent during the conversation in chambers, and if so, whether there was any prejudice to his rights. *See* United States v. Lewis, 420 F.2d 686, 687 (5th Cir. 1970).

Appellants assert, however, that the Supreme Court has expressly declined to specify the procedure to be followed in evidentiary hearings, citing Giordano v. United States, 394 U.S. 310, 314, 89 S.Ct. 1163, 1165, 22 L.Ed.2d 297 (1969) (concurring opinion). Justice Stewart, in the same paragraph, explained that " 'Nothing in Aldermen v. United States, Ivanovov v. United States, or Butenko v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176, requires an adversary proceeding and full disclosure for resolution of every issue raised by an electronic surveillance.' Taglianetti v. United States, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1961)."

Appellants also rely on the presumption against the waiver of fundamental constitutional rights, as set out in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The Court, in speaking of the right to counsel, was careful to explain, however, that an intelligent waiver "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." 304 U.S. at 464, 58 S.Ct. at 1023. We have carefully reviewed the record in the instant case, in which appellants' counsel made the decision that they would "travel the road" of the Sixth Amendment. There are frequent occasions in a criminal proceeding when an accused must trust in his attorney's ability to make tactical decisions and judgments without prior consultation. Appellants' counsel had ample opportunity for cross-examination during the evidentiary hearings, and we see no way in which appellants' presence would have aided him in the handling of their defense. Appellants, who were present for the hearing on their motions to vacate, could not assist their attorney in demonstrating any prejudice to their rights, and the court below found no prejudice whatsoever.

The issue during the evidentiary hearings was not one of guilt or innocence but one of "taint". The purpose was to allow government employees connected with the wiretap to give testimony relevant to the question of whether the evidence leading to appellants' convictions was tainted. Their testimony was insisted upon by appellants' counsel. It is apparent that these hearings were not a "critical stage" of the proceedings within Rule 43, and appellants' actual presence could not have aided their defense. In Stein v. United States, 313 F.2d 518, 522 (9th Cir. 1962), the court held that "(t)he presence of a defendant must bear a reasonably substantial relationship to the opportunity to defend. The Constitution does not assure 'the privilege of presence when presence would be useless, or the benefit but a shadow.' " [9]

9. The situation in *Stein*, somewhat analogous to the case at bar, was summarized by the court as follows:

"Finally, appellant contends that he was deprived of his constitutional right to be present at all stages of his trial. Specifically, he asserts that he was not present at a conference between court and counsel. At this conference were played recordings of incriminatory conversations between appellant and his co-conspirators, one of whom had worn a concealed recording device. The Government sought to introduce these recordings to corroborate testimony of co-conspirators and Government agents. The Court sustained appellant's counsel's objections to the recordings and, in addition, struck the Government agents' testimony concerning the contents of the recordings. Appellant contends that he should have been present to advise his counsel on the authenticity of the recordings and to determine whether they would have aided his defense, established his innocence, and impeached the testimony of his co-conspirators. This contention is also without merit."
313 F.2d at 522.

See Snyder v. Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 78 L.Ed. 674 (1934); Pope v. United States, 287 F. Supp. 214, 218 (W.D.Tex.1967), aff'd. 398 F.2d 834, cert. den. 393 U.S. 1097, 89 S.Ct. 886, 21 L.Ed.2d 787 (1968).

■ Furthermore, it is well established that Rule 43 must be considered together with Rule 52(a), Fed.Rules Cr. Proc., which provides that harmless error is to be disregarded. Peterson v. United States, 411 F.2d 1074, 1080 (8th Cir. 1969); Estes v. United States, 335 F.2d 609, 618 (5th Cir. 1964). In *Estes*, the court found no prejudice to defendant's substantial rights, where the court in his absence submitted written charges to the jury in response to jurors' questions. In Yates v. United States, 418 F.2d 1228, 1229 (6th Cir. 1969), the court found no merit in the defendant's claim that his constitutional rights had been violated by his exclusion from a hearing to suppress evidence. We likewise reject appellants' contentions that their constitutional rights have been violated, and we find beyond a reasonable doubt that any possible error in their absence from the hearings did not affect their substantial rights. Rule 52(a), Fed.Rules Cr.Proc.; Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In sum, we find that appellants were represented by competent counsel during their trial and at the evidentiary hearings. Appellants were personally present at all times except for these evidentiary hearings, and their presence at these hearings would not have aided their defense. They suffered no prejudice and were not deprived of a fair trial or due process of law. Accordingly, the ruling by the court below is affirmed and the mandate shall issue forthwith. No stay will be granted pending petition for rehearing or application for writ of certiorari.