**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert GRENE and Norman Gradsky,**
**Defendants-Appellants.**

No. 71–1501
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1972.

---

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Robert Grene, pro se.

Norman Gradsky, pro se.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

After almost a decade contesting the validity of their criminal convictions, appellants, Norman Gradsky and Robert Grene, now seek a reduction or correction of the sentences imposed upon them. Appellant Gradsky filed a motion pursuant to 28 U.S.C.A. § 2255, and appellant Grene filed his motion pursuant to Rule 35, F.R.Cr.P. Both motions were denied by a federal district court, and we affirm.[1]

The appellants, with several other co-defendants, were convicted on a ten-count indictment charging violations of the anti-fraud provisions of the Securities Act of 1933, 15 U.S.C. § 77q(a), mail fraud, 18 U.S.C. § 1341, and conspiracy, 18 U.S.C. § 371. Appellants were sentenced on August 20, 1962. Their direct criminal appeal was affirmed by this court sub nom. Gradsky v. United States, 5 Cir. 1965, 342 F.2d 147. The Supreme Court granted certiorari, reversed appellant Grene's convictions on counts 1 and 7, and remanded the case to this court for a determination of whether any of the petitioners were entitled to further relief. Levine v. United States, 1966, 383 U.S. 265, 86 S.Ct. 925, 15 L.Ed.2d 737. On remand, this court affirmed the convictions of all appellants on all remaining counts.

Gradsky v. United States, 5 Cir. 1967, 376 F.2d 993. However, the Supreme Court granted certiorari as to the appellants' co-defendant Robert B. Roberts, and vacated his sentence, remanding the case to the district court for an evidentiary hearing to determine whether his rights had been violated by the government's electronic monitoring of several conversations between one of the co-defendants and his attorney. Roberts v. United States, 1967, 389 U.S. 18, 88 S. Ct. 1, 19 L.Ed.2d 18. Similarly, on March 19, 1968, this court ordered that all of the co-defendants' convictions be set aside for a determination on the electronic eavesdropping issue. After the hearing in the district court, the convictions were reinstated on June 3, 1969, and that court's ruling was affirmed by this court. United States v. Gradsky, 5 Cir. 1970, 434 F.2d 880, cert. denied, Roberts v. United States, 1971, 401 U.S. 925, 91 S.Ct. 884, 27 L.Ed.2d 828.

The basis of appellant Gradsky's 2255 motion is that the ten consecutive two-year sentences originally imposed upon him in 1962 constitute cruel and unusual punishment since he is in poor health. In addition, Gradsky argues that the district court's imposition of consecutive sentences has thwarted rehabilitative processes. The district court was not moved by these arguments, nor are we. The maximum possible sentence which appellant Gradsky could have received in 1962 is fifty years, or five years on each of the ten counts,[2] and since the record conclusively shows that Gradsky received sentences of only two years on each of the ten counts, this court has no authority to review the length of his sentence. United States v. White, 5 Cir. 1971, 447 F.2d 493; Zaf-

1. Although Grene's and Gradsky's motions are based upon different grounds and were treated separately by the district court, they will be treated together in this court since the cases bear the same district court criminal number and are contained in the same record. Grene and Gradsky were tried together and were co-appellants on their direct appeal; they share a common trial record of twenty-three volumes.

2. See 15 U.S.C.A. § 77x; 18 U.S.C.A. §§ 371 and 1341.

farano v. Blackwell, 5 Cir. 1967, 383 F. 2d 719.

The primary contention raised by appellant Grene in his Rule 35 motion is that his eighteen-month sentence for conviction on the tenth count of the indictment is void. He claims that although the written judgment and commitment order state that eighteen-month consecutive sentences were imposed on each of the ten counts for which he was convicted, the trial judge failed to impose orally a sentence on the tenth count. In support of his argument that the judge did not intend to impose sentence on the last count, the appellant refers to the transcript of his sentencing proceedings, wherein the judge stated:

> "upon the conviction by the Jury then let it be the judgment and sentence of the law this defendant be committed to the Attorney General for a period of 18 months on Count 1 of the ten count indictment, and that he also be committed to the custody of the Attorney General for 18 months on each of the subsequent counts, that is up to the tenth count, and that these sentences run consecutively and not accumulatively . . . or not concurrently . . . that is what I was trying to say, so the maximum period of confinement will be 15 years."

■ The district court concluded that appellant Grene's contention is without merit, and we agree. It is clear from the trial judge's statement that the total period of confinement was to be fifteen years and that he intended to sentence the defendant to eighteen months on the tenth count. There being no variation between the pronouncement of his sentence and the written judgment, it follows that appellant Grene is not entitled to have his sentence corrected. *See* Hill v. United States, 1936, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283; United States ex rel. Wampler v. Gibas, 7 Cir. 1964, 328 F.2d 833.

■ Appellant Grene further sought relief in the district court on the basis

that the sentence imposed on August 20, 1962, amounted to a general sentence, and, as such, could not exceed the maximum imposable penalty for any one of the counts upon which he was convicted. *See* Marshall v. United States, 7 Cir. 1970, 431 F.2d 355. The district court was correct in its rejection of this contention, since it is obvious not only from the written judgment and commitment order, but also from the above-quoted oral pronouncement, that specific sentences were imposed for the jury's verdict upon each of the ten counts of the indictment.

■ Finally, in his brief filed in this court appellant Grene has attacked the validity of his conviction on numerous other grounds. These additional issues are not properly before the court, for they have never been presented to the district court for its initial determination. *See* Chunn v. Clark, 5 Cir. 1971, 451 F.2d 1005, and cases cited therein.

The judgments appealed from are affirmed.