Robert GRENE, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71–2985
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1972.

Rehearing Denied March 23, 1972.

Robert Grene, pro se.

Robert W. Rust, U. S. Atty., Lloyd Bates, Jr., Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Robert Grene, a federal prisoner, appeals from the district court's denial of his petition for mandamus, wherein he sought credit on his sentence. We affirm.

Grene was convicted on ten counts of an indictment charging violations of 18 U.S.C.A. §§ 371 and 1341, and 15 U.S.C.A. § 77q(a) (Mail and securities fraud). He was sentenced on August 20, 1962 to serve ten consecutive eighteen-month sentences. His appeal was affirmed by this Court *sub nom.* Gradsky v. United States, 5th Cir. 1965, 342 F.2d 147. The Supreme Court granted certiorari, Grene v. United States, 389 U.S.

---

* ▮ Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

908, 88 S.Ct. 224, 19 L.Ed.2d 224, reversed Grene's conviction on two counts and remanded the case to this Court for a determination of whether the appellants were entitled to further relief *sub nom.* Levine v. United States, 1966, 383 U.S. 265, 86 S.Ct. 925, 15 L.Ed.2d 737. Upon remand, this Court reaffirmed the convictions *sub nom.* Gradsky v. United States, 5th Cir. 1967, 376 F.2d 993. From that judgment the Supreme Court granted certiorari as to Grene's co-defendant, Robert B. Roberts, and vacated his sentence, remanding the case to the district court for an evidentiary hearing to determine whether his rights had been violated by electronic surveillance. Roberts v. United States, 1967, 389 U.S. 18, 88 S.Ct. 1, 19 L.Ed.2d 18. Similarly, on March 19, 1968, this Court ordered that all of the co-defendants' convictions be set aside for such a determination. After the hearing in the district court the convictions were reinstated on June 3, 1969, and on July 9, 1969 the judgments on 8 of the original 10 counts were affirmed as to the sentences previously imposed. The judgments on the remaining two counts were vacated.

While Grene's appeal from the 1962 convictions was pending he was convicted in the same district court of two additional counts of transporting stolen securities in foreign commerce and conspiracy in violation of 18 U.S.C.A. §§ 371 and 2314. On September 20, 1963 he was sentenced to serve three years on one count running concurrently with a one-year sentence on the other count. The judgment and commitment papers specified that the sentences imposed were to run "concurrently with the sentence heretofore imposed in Case No. 1271–Orl. Cr. (the 1962 convictions) if served." Upon direct appeal, this Court affirmed the conviction *sub nom.* Napoli v. United States, 5th Cir. 1965, 341 F.2d 916, cert. denied, Grene v. United States, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68. On November 27, 1965 Grene began service of this three-year sentence.

On May 1, 1964, Grene was again convicted and sentenced for mail and securities fraud, and given ten concurrent three-year sentences. He appealed the conviction, and this Court affirmed. Grene v. United States, 5th Cir. 1966, 354 F.2d 1006. Our mandate issued on April 11, 1966 and Grene, who was then in custody under the 1963 conviction, was allowed to serve these ten subsequent convictions concurrently. On December 17, 1966, while his appeal was still pending from his 1962 convictions, he was paroled on the 1963 and 1964 convictions, and remained enlarged on bond until he was ordered to report to begin service on his twelve-year sentence on July 15, 1969.

By way of mandamus Grene has now sought to obtain credit on his twelve-year sentence for the thirteen months he was incarcerated on his three-year sentences. He argues that he is entitled to such credit under 18 U.S.C.A. § 3568 because the sentences were based on "related offenses." His application was heard by the same district judge who imposed the 1963 and 1964 sentences. That court denied relief on grounds that the thirteen months served were not "in connection with" the offense for which the twelve-year sentence was imposed.

Although it appears that all of the appellant's convictions arose out of related transactions, and some of the same evidence was introduced in all of his trials, we do not need to decide whether the district court was correct in holding that the later convictions were not offenses or acts connected with those involved in the 1962 conviction within the meaning of § 3568. Grene's twelve-year sentence was originally imposed on August 20, 1962, which was almost four years before § 3568 was amended to provide for such credit. This 1966 amendment has been held to have only prospective application. See Noorlander v. United States, 8th Cir. 1968, 404 F.2d 603. We concur in this construction.

The fact that Grene's 1962 conviction was set aside by this Court in 1968, and reinstated in 1969 does not affect the date of his sentencing nor does the fact that two of the original ten sentences were vacated. When his conviction was reinstated in 1969 he was not

sentenced anew; rather, eight of the original consecutive sentences imposed in 1962 were ordered to commence. Therefore, he cannot claim he was entitled to the benefits of the 1966 amendment on the basis of the reinstated convictions. See United States ex rel. Sacco v. Kenton, 2nd Cir. 1967, 386 F.2d 143; United States v. Rumbough, 6th Cir. 1968, 393 F.2d 396.

In his petition for mandamus the appellant has also contended that he should be immediately released from confinement since at the time of the reinstatement of his conviction in 1969, the district court failed to reimpose his sentence. He thus concludes that he is imprisoned without a sentence. This contention is without merit and has been adequately disposed of upon a previous Rule 35[1] motion filed in the district court. See United States v. Grene, S.D. Fla.1969, 306 F.Supp. 1061.[2]

The ruling of the district court is Affirmed.

## ON PETITION FOR REHEARING

Grene has filed a petition for rehearing of this panel's opinion denying his petition for mandamus. Several contentions are presented, but only one requires any further discussion.

Conceding that the 1966 amendment to 18 U.S.C. § 3568 has only prospective application, Grene argues that he is still entitled to credit on his twelve-year sentences imposed in 1962 for the time he was incarcerated by virtue of sentence imposed in 1963 and 1964, between the effective date of the 1966 amendment and his release on parole in December, 1966. We do not agree.

The amendment to § 3568 which was enacted on June 22, 1966 and became effective on September 20, 1966 is applicable only to sentences which were imposed on or after the effective date. Therefore, the determination of whether one is entitled to credit under the amended statute hinges on the date of sentencing, not the date of confinement. Ballard v. United States, 5th Cir. 1968, 388 F.2d 607; Tandler v. Blackwell, 5th Cir. 1969, 412 F.2d 780. Since Grene was sentenced on August 20, 1962, he cannot claim any benefits from the 1966 amendment to § 3568.

It is ordered that the petition for rehearing filed in the above styled and numbered cause be and the same is hereby denied.

---

1. F.R.Cr.P.

2. In his "Traverse" filed below the appellant also argued that a sentence was not imposed for his conviction on the tenth count of the indictment in the 1962 conviction case. This argument has just been determined by another panel of this Court upon Grene's appeal from the denial of one of his Rule 35 motions, *sub nom.* United States v. Grene and Gradsky, 5th Cir., 455 F.2d 376.