**UNITED STATES of America**

v.

**Victor Manuel GERENA, et al.**

**Crim. No. H–85–50.**

United States District Court,
D. Connecticut.

April 21, 1988.

Albert E. Dabrowski, Carmen E. Van Kirk, John A. Danaher, III, Leonard C. Boyle, Asst. U.S. Attys., Stanley A. Twardy, Jr., David D. Buvinger, William J. Corcoran, Trial Attys., U.S. Dept. of Justice, Hartford, Conn., for plaintiff.

Richard J. Harvey, New York City, for defendant, Filiberto Ojeda–Rios.

## RULING ON THE MOTION OF DEFENDANT, FILIBERTO OJEDA–RIOS, TO SUSPEND PRETRIAL PROCEEDINGS

CLARIE, Senior District Judge.

Filiberto Ojeda–Rios, a pretrial detainee, underwent triple bypass surgery on April 11, 1988. He is presently recovering at Hartford Hospital and is scheduled to be released on or about April 20, 1988. The Court will hold a subsequent hearing in order to hear argument and take testimony concerning the location and conditions of his recovery.

However, the immediate issue which confronts the Court is whether, absent a waiver from the defendant, the Court can continue, in the defendant's absence, the Title III pretrial suppression hearings which are presently ongoing. The defendant voluntarily executed a written waiver for the period of April 11, 1988 through April 15, 1988. In fact, the record reveals that he has executed written waivers on numerous other ocassions. However, his counsel has indicated to the Court that the defendant will not henceforth voluntarily waive his right to be present at the suppression hearings.

The defendant was arrested along with fifteen other defendants, pursuant to a multi-count indictment, on August 30, 1985. The defendant has been held in pretrial detention since his arrest. Pretrial hearings commenced on January 13, 1987. The trial is scheduled to commence in several months. The Court has an obligation to move the case forward and to prevent any unnecessary delays. Neither the Sixth Amendment of the Constitution nor F.R.Cr. P. 43 mandate that the defendant be present at this portion of the pretrial hearings. Thus, in the interest of justice, the Court will continue to hold hearings but will take certain steps outlined below to insure that the defendant's rights are adequately protected.

The Sixth Amendment confers no general right that a defendant be present at the pretrial suppression hearings. Rather, a Sixth Amendment right is implicated if the defendant's absence will hinder his ability to confront witnesses testifying against him or hinder the effectiveness of counsel. *United States v. Lockwood*, 382 F.Supp. 1111, 1116 (E.D.N.Y.1974), *citing United States v. Bell*, 464 F.2d 667 (2d Cir.1972), *cert. denied*, 409 U.S. 991, 93 S.Ct. 335, 34 L.Ed.2d 258 (1972).

In the instant case, Ernest Aschkenasy, the individual proffered by the government as an expert in the field of tape analysis, is presently testifying in regard to the issue of alleged tampering with the Title III evidence. The testimony elicited from him is, for the most part, highly technical in nature and does not go to the guilt or innocence of the defendant. The analyses of the tapes, about which the witness is

testifying, were performed outside the presence of the defendant and concern questions of fact which, for the most part, are outside the knowledge of the defendant. The defendant's presence would be of little benefit to the proceedings. "The defendant has the privilege ... to be present in his own person whenever his presence has a relation, reasonably substantial to the fullness of his opportunity to defend against · the charge." *Lockwood,* 382 F.Supp., 1116, *citing Snyder v. Commonwealth of Massachusetts,* 291 U.S. 97, 105–106, 54 S.Ct. 330, 332–333, 78 L.Ed. 674 (1934). *See also United States v. Gradsky,* 434 F.2d 880, 883 (5th Cir.1970); *United States v. Clark,* 475 F.2d 240, 246 (2d Cir.1973) (defendant has a Sixth Amendment right to be present at a pretrial suppression hearing where the legality of the seizure of physical evidence in the defendant's presence is being litigated).

F.R.Cr.P. 43 sets forth the standards which govern when the presence of a defendant is required. Rule 43 requires that "unless a felony defendant absents himself voluntarily or through misconduct, he shall be present at the arraignment, pleas, and every stage of the trial, including impanelement of the jury, the return of the verdict, and sentencing." The first advisory committee notes to Rule 43 make clear that the principle does not, *ip so facto,* apply to hearings on motions made prior to or after trial. *See United States v. Pepe,* 747 F.2d 632, 653 (11th Cir.1984). Rather, the Court must look to the nature of the pretrial hearing to determine whether the right provided for under Rule 43 is invoked. As noted above, the testimony being elicited is highly technical in nature. The government's expert is testifying about the methods employed and findings regarding the defendant's claims of tampering. The issues do not go to the defendant's guilt or innocence. For the most part, the facts elicited relate to tests made outside the presence of the defendant. The Court finds that this is not a critical stage in the proceedings for purposes of Rule 43. "Neither the Constitution nor Rule 43 assures the right to be present when such presence would be useless or the benefit but a shadow." *Wilcox v. United States,* 425 F.Supp. 895, 898, n. 6 (D.Conn.1975) (neither the Constitution or Rule 43 is implicated with respect to hearings on photographic identifications made out of petitioner's presence).

In order to protect fully the interests of the defendant, the Court orders that counsel for the defendant, Richard J. Harvey, be present at Court each day that proceedings are held and that he be provided with a daily transcript of the day's proceedings. Attorney Harvey shall make the transcript available to the defendant and discuss the nature of the proceedings with him. No witness shall be excused until Attorney Harvey represents to the Court that, after consultation with his client, he has no questions for the witness.

SO ORDERED.