**UNITED STATES of America, Plaintiff,**

**v.**

**Michael BLOOME, a/k/a "Smurf," Joseph DeFigueroa, a/k/a "Mayo," Philip DeAngelo, Salvatore Fusco, a/k/a "Sally," Thomas Roberto, Richard Santiago, Frank Smith, a/k/a "Frankie," Angel Soto, Peter Spoto, Anthony Vega, Anthony Zappola, George Zappola, a/k/a "Little George," and Vincent Zappola, a/k/a "Vinnie," Defendants.**

**No. CR–90–0504.**

United States District Court, E.D. New York.

Nov. 8, 1991.

---

Jack Wenik, Michael Considine, Asst. U.S. Attys. and Lynn Olinger, Sp. Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Christopher Nally, Staten Island, N.Y., for defendant Michael Bloome.

Martin Adelman, New York City, for defendant Salvatore Fusco.

Martin Geduldig, Hicksville, N.Y., for defendant Philip DeAngelo.

Joel Cohen, Orden & Cohen, New York City, for defendant Peter Spoto.

Paul A. Lemole, Staten Island, N.Y., for Vincent Zappola.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Defendants Michael Bloome, Salvatore Fusco, and Vincent Zappola were convicted at trial of a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 et seq. (count one), and of conspiracy to violate RICO, 18 U.S.C. § 1962(d) (count two). These defendants then executed, pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, a waiver of trial by jury on count fourteen of the superseding indictment; that count seeks forfeiture under 18 U.S.C. § 1963(a)(3) of the proceeds of the racketeering activity of counts one and two. The government alleges that these proceeds, derived from the first, second, and third acts of racketeering set forth in counts one and two, total $1,825,000.00. The defendants oppose forfeiture of this sum.

Both sides appear to agree as to the value of property involved in each of the three acts of racketeering. As to the first act, the burglary of the Jewelers of Bond Street, jewelry valued at $1,100,000.00 was stolen; as to the second act, the burglary of the Bulova Warehouse, watches valued at $555,000.00 were stolen; and, as to the third act, the burglary of Bradley's Department store, $85,000.00 in United States currency was stolen. Although there is evidence of damage to the Bulova Warehouse in the amount of $30,000.00, the government does not contend that this sum is subject to forfeiture.

## DISCUSSION

The defendants argue first that the amount subject to forfeiture should be limited to the $85,000.00 of the third act of racketeering. They contend that a "strict reading" of the forfeiture provision, 18 U.S.C. § 1963(a)(3), provides for the forfeiture only of "proceeds" of racketeering

activity. That is, the defendants argue that Section 1963(a)(3) only contemplates forfeiture of "cash" ultimately realized from a racketeering act. Defendants' Submission at 3. Because there is no evidence that the jewelry and the watches stolen in the first two racketeering acts were converted into cash, they argue, there are no "proceeds" from those acts that can be subject to forfeiture.

The position of the defendants is without any merit. The "strict reading" of the forfeiture statute urged by the defendants is at once both too strict and not strict enough to represent the plain meaning of that provision. As with any matter of statutory construction, then, the point of departure must be the text of the statute. Section 1963(a) provides, in relevant part:

> Whoever violates any provision of section 1962 of this chapter ... shall forfeit to the United States, irrespective of any provision of State law—
>
> .    .    .    .    .
>
> (3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity ... in violation of section 1962.

It is clear from this language that the "strict reading" of the defendants is not "strict" enough insofar as they contend that forfeiture may only be of cash proceeds acquired through the disposition of the fruits of an act of racketeering. The statute clearly sets forth that what is to be forfeited to the United States is not cash proceeds but "property constituting, or derived from, any proceeds ... from racketeering activity...." It is a loose "strict reading" that equates "property constituting" with "proceeds" and that further assumes that these "proceeds" may only be cash.

Furthermore, this "strict reading" of Section 1963 is nonetheless so "strict" as to leave no place for Section 1963(b)(2) which provides that "[p]roperty subject to criminal forfeiture under this section includes ... tangible and intangible personal property...." Defendants do not contend, nor could they, that jewelry and watches are not "tangible personal property." Therefore, defendants cannot dispute that jewelry and watches are indeed "[p]roperty subject to criminal forfeiture under [Section 1963]." Thus, the "strict reading" on which the defendants argue that only cash proceeds obtained from the disposition of stolen property may be subjected to forfeiture is altogether without foundation in the text of Section 1963. The entirety of the property stolen in the first three acts of racketeering is in fact subject to forfeiture.

Second, defendants Zappola and Bloome argue that they cannot be subjected to forfeiture with respect to the first act of racketeering, the burglary of the Jewelers of Bond Street, because there is no evidence that they participated in that burglary and because they did not join the criminal conspiracy until after the burglary. They argue that "normal conspiracy principles should control this Racketeering issue and that neither [defendant] can be responsible for conduct prior to their entry into the conspiracy." Defendants' Submission at 4.

Once again, the plain meaning of Section 1963 is instructive. Under that section: "Whoever violates *any* provision of section 1962 ... shall forfeit ... any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity ... in violation of section 1962" (emphasis added). Section 1962(d) declares it unlawful to conspire to violate the other provisions of Section 1962. Thus, because Bloome and Zappola violated Section 1962(d), they come within the scope of Section 1963. They must, therefore, forfeit "any property constituting, or derived from, any proceeds ... obtained ... from racketeering activity ... in violation of section 1962." It is beyond dispute that the burglary of the Jewelers of Bond Street constituted "racketeering activity;" hence, the property stolen in that burglary is indeed subject to forfeiture by Bloome and Zappola because it was committed by the *conspiracy* in which Bloome and Zappola participated.

This result is confirmed by *United States v. Caporale,* 806 F.2d 1487 (11th Cir.1986), *cert. denied,* 482 U.S. 917, 107 S.Ct. 3191, 96 L.Ed.2d 679 and 483 U.S. 1021, 107 S.Ct. 3265, 97 L.Ed.2d 763 (1987). There, the defendants had been convicted only of conspiracy to violate RICO. The court rejected their argument that a conviction on conspiracy alone was insufficient to subject them to the forfeiture provision of Section 1963:

> The language and legislative history of the statute plainly indicate that Congress intended to punish a conspiracy to violate RICO with the same tools it made available to punish substantive violations. RICO's penalty provision, 18 U.S.C.A. § 1963(a), provides that each of the three penalties for a RICO violation, imprisonment, fines, and forfeiture, may be imposed for a violation of "any provision of section 1962." The conspiracy provision is found in Section 1962 in subsection (d). Furthermore, the legislative history expressly provides that "Subsection (d) [of section 1962] makes conspiracy to violate (a), (b) or (c) [of section 1962] equally subject to the sanctions of sections 1963 and 1964, below." H.Rept. No. 1549, 91st Cong., 2d Sess., reprinted in U.S.Code Cong. & Ad.News 4007, 4033 (1971).

*Caporale,* 806 F.2d at 1509. Because Bloome and Zappola participated in the conspiracy that committed the burglary of the Jewelers of Bond Street in violation of Section 1962(d), they are liable for forfeiture as members of that conspiracy under Section 1963. This liability attaches to them as conspirators rather than as actual participants in the burglary.

Bloome and Zappola argue, however, that they had not even joined in the conspiracy at the time of the Jewelers of Bond Street burglary. Thus, they argue that "normal conspiracy principles" should preclude their forfeiture liability. On this point, they refer the court to *Levine v. United States,* 383 U.S. 265, 266, 86 S.Ct. 925, 925, 15 L.Ed.2d 737 (1966) (per curiam), and to *United States v. Harrell,* 737 F.2d 971, 981 (11th Cir.1984), for the valid proposition that a coconspirator is not liable for the substantive offenses committed by the conspiracy before he joins it or after he withdraws from it. However, "with regard to liability for *conspiracy,* a defendant may be legally responsible for acts of coconspirators prior to that defendant's entry into the conspiracy...." *United States v. Blackmon,* 839 F.2d 900, 908 (2d Cir.1988) (error to instruct jury that it could convict defendant of substantive offenses committed by conspiracy before his joining).

In this case, forfeiture liability under Section 1963 attaches to the conspiracy—and to Bloome and Zappola as members of that conspiracy; it does not attach to the substantive offense of the burglary of the Jewelers of Bond Street. To state the matter differently: the liability of Bloome and of Zappola for forfeiture is as much an inseparable part of their liability for conspiracy as are the sentences they will ultimately receive.

Section 1963 provides that one who violates section 1962 "shall forfeit" property that constitutes the proceeds from racketeering activity. On count fourteen of the indictment, then, this court finds that the government has proved beyond a reasonable doubt that the following sums represent the value of property derived from racketeering activity within the meaning of 18 U.S.C. § 1963(a)(3) and (b)(2) which shall be forfeited to the United States: $1,100,000.00 for the first act of racketeering, $555,000.00 for the second act of racketeering, and $85,000.00 for the third act of racketeering—for a total of $1,740,000.00. Furthermore, because this forfeiture liability attaches to the defendants as conspirators, this court hereby imposes joint and several liability on defendants Bloome, Fusco, and Zappola for these sums.

SO ORDERED.