977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis CACERES, Defendant-Appellant.
 No. 90-30352.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1992.
Decided Oct. 22, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Luis Caceres was convicted of conspiracy to distribute and possession with intent to distribute cocaine. The district court sentenced him to concurrent six-year terms on each count, at the low end of the sentencing range. Caceres now appeals that sentence. He argues that because he ultimately refused to sell a kilogram of cocaine to an undercover officer he should be sentenced based on the 55 grams of cocaine that he actually sold, rather than the kilogram that he attempted to sell. We find his arguments without merit and affirm the sentence.
 
 
 3
 Although Caceres concedes he is guilty of conspiracy, he argues that he withdrew from it with respect to the attempted sale of the kilogram. After negotiating with the undercover officer through an intermediary, he demanded the money in advance before making the sale. When the officer declined to provide the money, Caceres refused to deal further with him. This was not a withdrawal from the conspiracy.
 
 
 4
 Generally speaking, one can avoid complicity in a conspiracy by withdrawing from it "before any overt act is taken in furtherance of the agreement" to conspire. United States v. Loya, 807 F.2d 1483, 1493 (9th Cir.1987) (internal quotation marks omitted). Here, where Caceres admits that he was a member of the conspiracy, the inquiry is somewhat different, for "a defendant cannot be held liable for substantive offenses committed ... after withdrawing from a conspiracy." United States v. Lothian, No. 90-50629, slip op. at 11961 (9th Cir. Oct. 5, 1992) (1992 WL 247624) (1992 U.S.App. LEXIS 24729) (citing Levine v. United States, 383 U.S. 265, 266 (1966)).
 
 
 5
 Withdrawal " 'requires a disavowal of the conspiracy or an affirmative action that would have defeated the purpose of the conspiracy, or "definite, decisive and positive" steps to show that the conspirator's disassociation from the conspiracy is sufficient.' " Loya, 807 F.2d at 1493 (quoting United States v. Smith, 623 F.2d 627, 631 (9th Cir.1980)). Caceres did not disavow the conspiracy, nor did he act in a manner that defeated the purpose of the conspiracy. His purported disassociation from the conspiracy was not bolstered by definite, decisive and positive steps; Caceres' decision to refuse to consummate one transaction because the buyer would not proceed on Caceres' terms is not the equivalent of withdrawal from the conspiracy.
 
 
 6
 Caceres also argues that he should not should be sentenced on the basis of the kilogram of cocaine that was never found. We disagree. The Guidelines unequivocally state: "If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." U.S.S.G. § 2D1.4, comment. (n. 1). We have said "[q]uite clearly" that "the offense level for a conspiracy is determined by the amount that a defendant conspired to sell and not by the amount ultimately sold." United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990).
 
 
 7
 That Caceres negotiated to sell a kilogram of cocaine is uncontroverted. In order to include in a sentence calculation the amount of a substance under negotiation, the Guidelines require a court to find that a defendant intended to produce and was "reasonably capable of producing the negotiated amount." U.S.S.G. § 2D1.4, comment. (n. 1). After evidence was presented at a pretrial change-of-plea hearing, the trial judge found that there was "no doubt that had the [money] been handed over to [Caceres] that he would have either delivered as he said he would or absconded the transaction which he had set up by his willingness and apparent ability to provide cocaine in that amount." Post-trial, the judge reiterated his finding as he sentenced Caceres: "[T]he Court recalls the trial testimony and the remarks [of the government witnesses] that [Caceres] for over a period of two years had been dealing; that they had made him a whole lot of money by selling his cocaine, and that he was capable of delivering in amounts of a kilo or two." We will not reject the district court's factual findings unless we are left with the definite and firm conviction that a mistake has been made. United States v. Upshaw, 918 F.2d 789, 791 (9th Cir.1990), cert. denied, 111 S.Ct. 1335 (1991). We have no such conviction here, and agree that Caceres intended to and was reasonably capable of producing the cocaine.
 
 
 8
 The sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3