United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-40504
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MIGUEL ANGEL VENCES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-941-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

   Miguel Angel Vences appeals his conviction and sentence for

attempted illegal reentry.  He argues that the district court

plainly erred by characterizing his state felony conviction for

possession of a controlled substance as an "aggravated felony"

for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C.

§ 1101(a)(43)(B), when that same offense was punishable only as a

misdemeanor under federal law.  This issue, however, is

foreclosed by United States v. Hinojosa-Lopez, 130 F.3d 691 (5th

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1997), and, therefore, Vences has not demonstrated plain error.

Vences concedes that the issue whether the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and he raises it solely to preserve its further review by the Supreme Court. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90. This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

Accordingly, Vence's arguments are foreclosed, and his conviction and sentence are AFFIRMED. We REMAND to the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36 to reflect that Vences was convicted of a violation of 8 U.S.C. § 1326 for attempted illegal reentry, not illegal reentry, into the United States after deportation.