**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40504
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL VENCES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-941-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Miguel Vences.  United States v. Vences, No. 04-40504 (5th Cir. Dec. 16, 2004) (unpublished).  The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  Vences v. United States, 125 S. Ct. 1991 (2005).  We requested and received supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vences argues that sentencing him under the mandatory Sentencing Guidelines regime held unconstitutional in Booker constituted reversible plain error.  However, to meet the third prong of the plain error analysis and show that the error affected his substantial rights, Vences bears the burden of "establish[ing] that the error affected the outcome of the district court proceedings."  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005).  Our review of the sentencing transcript reveals that he has not carried this burden.  The transcript indicates that the district court sentenced Vences to the middle of the applicable Guidelines range based on his extensive criminal history, implicitly rejecting the arguments made in mitigation.  Nothing in the record indicates that the sentencing judge would have given a lower sentence if he had treated the Guidelines as advisory rather than mandatory.  See United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005); petition for cert. filed, Mar. 31, 2005 (No. 04-9517).

Vences's conviction and sentence are AFFIRMED.  We REMAND to the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36 to reflect that Vences was convicted of a violation of 8 U.S.C. § 1326 for attempted illegal reentry, not illegal reentry, into the United States after deportation.