United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40391
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS LOPEZ-TOVAR,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-341-1
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Jose Luis Lopez-Tovar.

United States v. Lopez-Tovar, No. 04-40391 (5th Cir. Dec. 17,

2004) (unpublished). The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker,

125 S. Ct. 738 (2005). We requested and received supplemental

letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez argues that, in light of <u>Booker</u>, his sentence is invalid because the district court applied the Sentencing Guidelines as if they were mandatory. Because Lopez did not raise this issue in the district court, we review it for plain error only. <u>United States v. Mares</u>, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556).

Lopez is unable to establish plain error with regard to his <u>Booker</u> claim because he cannot establish that being sentenced under a mandatory Guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the Guidelines were advisory only. <u>See</u> <u>Mares</u>, 402 F.3d at 522; <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34. The court has also rejected Lopez's argument that a <u>Booker</u> error is structural and thus no prejudice must be shown. <u>United States v. Malveaux</u>, 411 F.3d 558, 560 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (05-5297).

Accordingly, Lopez's conviction and sentence are AFFIRMED.