United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40518
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR TREJO-HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-41-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirmed the sentence of Cesar Trejo-Hernandez. United States v. Trejo-Hernandez, No. 04-40518 (Dec. 17, 2004) (per curiam). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

Trejo argued in his initial brief and in his petition for a writ of certiorari that the provisions of 8 U.S.C. § 1326(b) are

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional. Trejo conceded that his argument was foreclosed by existing precedent, but he sought to preserve the issue for further review. Nothing in the Supreme Court's <u>Booker</u> decision affected the validity of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). <u>See</u> <u>Booker</u>, 125 S. Ct. at 756 (the <u>Booker</u> holding applies to any fact (other than a prior conviction)). The decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), left <u>Almendarez-Torres</u> intact. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90 ("fact of a prior conviction" need not be submitted to a jury).

Trejo argued in his initial brief and in his petition for a writ of certiorari that his sentence should be vacated because he was sentenced under the erroneous assumption that the Guidelines were mandatory. Our review of this issue is for plain error. <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556). Although Trejo has satisfied the first two criteria for establishing plain error, he is required to demonstrate that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517); <u>Valenzuela-Quevedo</u>, 407 F.3d at 733. Trejo has not met his burden because there is "no evidence in the record suggesting that the district court would have imposed a lesser sentence

under an advisory guidelines system." <u>United States v. Taylor</u>, 409 F.3d 675, 677 (5th Cir. 2005).

Trejo challenged in his initial brief and he again challenges the eight-level increase he received based on the finding that his prior Texas conviction for possession of cocaine is an aggravated felony.  He asserts that other circuits have held that simple possession should not be considered an aggravated felony in the immigration context.  <u>Id.</u>

Following the grant of certiorari, this case was remanded to this court "for further consideration in light of <u>United States v. Booker</u>."  When a case is remanded to this court from the Supreme Court in limited terms, by clear implication, this court must confine its review to matters within those limitations.  <u>See</u> <u>Gradsky v. United States</u>, 376 F.2d 993, 996 (5th Cir. 1967) ("Except that which we are mandated to review, our previous rulings are the law of the case and will not now be reconsidered.").

Trejo argues on remand for the first time, citing <u>Booker</u>, 125 S. Ct. at 756, that his sentence was increased based on a finding made by the district court that he committed the instant offense within two years of his release from custody on another conviction.  Trejo contends that his "guideline range was artificially enhanced by a counterintuitive understanding of the meaning of the term drug-trafficking, which includes felony possession of a controlled substance."  Trejo also challenges for

the first time on remand our decision in <u>United States v. Scroggins</u>, ___ F.3d ___, 2005 WL 1324808 (5th Cir. June 6, 2005).

We do not consider Trejo's <u>Scroggins</u> challenge. <u>Cf.</u> <u>Gradsky</u>, 376 F.2d at 996. Trejo cannot satisfy the less demanding showing of plain error, much less demonstrate extraordinary circumstances on his Sixth Amendment issues that are raised for the first time. <u>See</u> <u>Taylor</u>, 409 F.3d at 677 ("Because plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances, . . . cannot be satisfied."). Trejo concedes that he cannot point to anything in the record to indicate that the district court, in a post-<u>Booker</u> sentencing proceeding, would have imposed a different sentence. <u>See</u> <u>Mares</u>, 402 F.3d at 521.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Trejo's conviction. For the reasons set forth in this opinion on remand, his sentence is also AFFIRMED.

AFFIRMED.