United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41468
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS PADILLA-GOMEZ, also known as Jesus Padilla,
also known as Armando Martinez-Vasquez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-409-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Padilla-Gomez (Padilla) appeals the sentence he received for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Padilla argues that the district court misapplied the Sentencing Guidelines by characterizing each of his prior state felony convictions for possession of controlled substances as "aggravated felonies" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Padilla's argument is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unavailing in light of circuit precedent.  See United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997).  Padilla argues that this circuit's precedent is inconsistent with Jerome v. United States, 318 U.S. 101 (1943).  Having preceded Hinojosa-Lopez, Jerome is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Padilla also challenges the constitutionality of § 1326(b) in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Padilla's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Padilla argues that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Padilla properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.