United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 05-40897
consolidated with
No. 05-41087
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FELIPE LOPEZ-RODRIGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(1:05-CR-160-ALL)
(1:02-CR-62-ALL)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

This court previously affirmed the conviction and sentence of
Appellant, Felipe Lopez-Rodriguez. *United States v. Lopez-
Rodriguez*, 203 F. App'x 600 (5th Cir. 2006). On March 30, 2007, the
Supreme Court vacated our judgment in this case and remanded the
case to this court for further consideration in light of *Lopez v.*

_____

[*]**Pursuant to 5th Cir. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5th Cir. R. 47.5.4.**

*Gonzales*, 127 S.Ct. 625 (2006).

Following the Supreme Court's remand we received supplemental letter briefs from both parties with respect to the impact of *Lopez*. The government concedes and we agree that, under *Lopez*, the district court erred in imposing an eight-level enhancement for Appellant's prior controlled substance conviction. In light of this error, the issue on appeal is whether we should vacate the sentence and remand for resentencing or whether the appeal is now moot.

The parties agree that Lopez-Rodriguez has completed the confinement portion of his sentence but remains subject to the terms of his supervised release. Also, the government asserts, without challenge, that Lopez-Rodriguez has been deported. This Court recently found a similar case moot when the appellant had already been released from prison and deported. *See United States v. Rosenbaum-Alanis*, __ F.3d __, No. 05-41400, 2007 WL 926832 (5th Cir. Mar. 29, 2007). Because the defendant in *Rosenbaum-Alanis* was barred from entering the United States, and therefore could not be resentenced, the Court could not grant the relief requested. *Id*. at *2.

We find *Rosenbaum-Alanis* controlling, and because Lopez-Rodriguez is barred from entering the United States, we cannot grant his request to be resentenced.
The appeal is moot and therefore **DISMISSED**.