IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 24, 2005**

Charles R. Fulbruge III
Clerk

No. 04-50096
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICHARD BURTON PIDCOKE, JR.,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-90-CR-110-1
--------------------
ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

    We granted counsel's motion for leave to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and dismissed Pidcoke's appeal. United States v. Pidcoke, No. 04-50096 (5th Cir. Oct. 13. 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Pidcoke v. United States, 125 S. Ct. 1610 (2005). We requested and received supplemental letter briefs addressing the impact of Booker. Pidcoke, who has

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

chosen to represent himself on remand from the Supreme Court, has filed a motion for leave to file a reply brief out of time. His motion is GRANTED.

Pidcoke argues that he made a relevant Booker-based objection in the district court to the drug-amount enhancement to his sentence and therefore the plain-error standard of United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517), does not apply to that issue and his sentence should be vacated and the matter remanded for resentencing. He asserts that he did not object to enhancements for drug type, leadership role, or obstruction of justice and that plain-error review does apply to those issues. He argues that the district court plainly erred under Booker in applying those enhancements because, in doing so, the district court misapplied the Sentencing Guidelines.

Because Pidcoke did not preserve a Booker issue in the district court, review is for plain error. See Mares, 402 F.3d at 513. Here, the district court erred by imposing a sentence pursuant to a mandatory application of the sentencing guidelines. See Booker, 125 S. Ct. at 768; see also Mares, 402 F.3d at 520-21 & n.9. However, Pidcoke must establish that the error was "sufficient to undermine confidence in the outcome [of the case]." United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005) (internal quotation marks and citations omitted), petition for cert. filed, (Jul. 25, 2005) (No. 05-5556). Pidcoke

cannot make such a showing because the record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme. The district court sentenced Pidcoke to approximately the middle of the guideline range, 210 months in prison, and it did so without comment. Thus, Pidcoke cannot establish plain error, and his Booker argument fails.

Pidcoke's arguments regarding the misapplication of the guidelines are beyond the scope of this remand and are not cognizable in this remand. See Gradsky v. United States, 376 F.2d 993, 996 (5th Cir. 1967). Finally, Pidcoke's argument that the Mares plain-error standard of review should not be applied because he was sentenced pre-Booker is meritless. Mares, too, was sentenced pre-Booker. The district court's judgment is AFFIRMED.