United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40251
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR PRADO-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-326-2
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:[**]

This court affirmed the judgment of conviction of Victor

Prado-Martinez (Prado). United States v. Prado-Martinez, 105 F.

App'x 631 (5th Cir. 2004). The Supreme Court vacated and

remanded for further consideration in light of United States v.

Booker, 543 U.S. 220 (2005). Because Prado cannot prevail on his

_____

[*] This appeal is being decided by a quorum due to the
retirement of Judge Pickering. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Booker claims, a ruling on the enforceability of his appeal waiver is pretermitted.

Prado challenges the constitutionality of his sentence under Booker. Absent extraordinary circumstances, we will not consider a defendant's Booker-related claims presented for the first time in a petition for writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). Had Prado raised his Booker-related claims in his initial appellate brief, this court would have reviewed the argument for plain error. Id. at 677.

Prado has not demonstrated either Fanfan or Booker error under a plain-error standard of review. See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). The judge did not make any statements during sentencing indicating that he disagreed with the sentence imposed or that he would have imposed a lesser sentence had he not considered the Guidelines mandatory. See United States v. Robles-Vertiz, 442 F.3d 350, 352 (5th Cir. 2006); United States v. Rodriguez-Gutierrez, 428 F.3d 201, 203 (5th Cir. 2005), cert. denied, 126 S. Ct. 1383 (2006). Nor was there an adverse relationship between the actual sentence imposed and the range of sentences provided by the Guidelines, as Prado's sentence was within the applicable guideline range. See Robles-Vertiz, 442 F.3d at 352. Accordingly, Prado has not shown that either Fanfan or Booker error affected his substantial rights. Because Prado fails plain-error review, he has failed to show extraordinary circumstances warranting consideration of an

issue raised for the first time in a petition for writ of certiorari. Taylor, 409 F.3d at 677.

Prado's claim that in the alternative, the Booker error (as well as the Fanfan error) should be presumed prejudicial has been rejected by this court. See United States v. Malveaux, 411 F.3d 558, 561 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Prado argues that the district court would have imposed a lesser sentence had it not erroneously believed that the imprisonment range was 135 to 168 months. This claim is not reviewable because it is not within the scope of the Supreme Court's remand or this court's order to file letter briefs. Gradsky v. United States, 376 F.2d 993, 996 (5th Cir. 1967).

We conclude, therefore, that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore affirm the judgment of the district court.

AFFIRMED.